UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

KAYLA SHEPHERD,

    Plaintiff,

V.

UNIVERSITY OF KENTUCKY,

    Defendant.

CIVIL ACTION NO. 5:16-005-KKC

OPINION AND ORDER

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant University of Kentucky's Motion to Dismiss [DE 5] and Plaintiff Kayla Shepherd's Motion for Leave to File a Second Amended Complaint [DE 6.] For the reasons stated herein, the Court will deny Shepherd's Motion for Leave to File a Second Amended Complaint and grant the University's Motion to Dismiss.

BACKGROUND

Shepherd brought this action after she was expelled from the University of Kentucky's Physician Assistant Program. *See generally* [DE 1-1, First Amended Complaint at 16-20.] She alleges that the University violated her right to procedural due process under the Fourteenth Amendment to the United States Constitution and Article II of the Kentucky Constitution when it failed to provide her adequate notice of an appeal hearing, which prevented her from attending the hearing. [DE 1-1 at 20-22.] Shepherd is seeking reinstatement into the Physician Assistant Program, an award of "compensatory damages and damages for embarrassment and humiliation," and attorney's fees and costs. [DE 1-1 at 22.]

Shepherd admits that after completing a dermatology rotation, instead of providing an evaluation form to the supervising physician, she completed the evaluation herself and signed the supervising physician's name. [DE 1-1 at 18.] Shepherd then submitted the altered evaluation to the Academic Coordinator for Physician Studies. [DE 1-1 at 18.] Eventually, Shepherd came forward and admitted to Dr. David Fahringer, a professor, that she forged the evaluation and signature. [DE 1-1 at 19.] Thereafter, Shepherd was informed via email that she could attend a June 2, 2015, meeting of the Standard and Progression Committee, which was comprised of Dr. Fahringer and three other individuals, to discuss the evaluation. [DE 1-1 at 19.] Shepherd attended the meeting and explained the circumstances surrounding the evaluation. [DE 1-1 at 19.]

Following the June 2nd meeting, Dr. Scott Lephart, Dean of the College of Health Sciences, contacted Shepherd and directed her to appear for a meeting in his office on June 9, 2015. [DE 1-1 at 19; Exhibit 1.] After the June 9th meeting, Plaintiff received a letter from Dean Lephart informing her that she was terminated from the Physician Assistant Program. [DE 1-1 at 19; Exhibit 2.] Shepherd timely appealed the decision when her attorney mailed a letter to the chair of the appeals board, Dr. Julia Costich. [DE 1-1 at 19; Exhibit 3.]

Plaintiff alleges that she did not receive any correspondence regarding her appeal until August 15, 2015, when she was informed that a hearing had been held on August 13, 2015, to review her appeal and that the hearing panel decided to uphold the sanction imposed by Dean Lephart. [DE 1-1 at 20.] On August 23, 2015, Shepherd met with Denise Simpson, Dead of Students at the University of Kentucky, who was "confused" as to why Shepherd had not received notice of the appeal hearing. [DE 1-1 at 20.] Shepherd also discussed her lack of notice with Dr. Randa Remer, Assistant Dean of Students in the College of Health Sciences. [DE 1-1 at 20.]

On September 23, 2015, Shepherd received an email from the University of Kentucky's counsel stating that "since the Plaintiff admitted guilt, a hearing was not necessary." [DE 1-1 at 20.] Shepherd then filed the present action in Fayette Circuit Court, naming the University of Kentucky as the sole defendant. [DE 1-1 at 2.] Plaintiff filed her First Amended Complaint in state court, adding only a request for a jury trial, which had been inadvertently omitted. [DE 7 at 1.] Shepherd alleges two causes of action: (1) a 42 U.S.C. § 1983 claim for violation of procedural due process rights protected by the Fourteenth Amendment; and (2) a claim that her expulsion was an arbitrary and capricious act in violation of Article II of the Kentucky Constitution. [DE 1-1 at 20-22.]

On January 6, 2016, the University of Kentucky removed this case to federal court. [DE 1, Notice of Removal.] It then filed the present Motion to Dismiss. [DE 5.] In its motion, the University asserts that this case should be dismissed because it is has Eleventh Amendment immunity from Shepherd's § 1983 claim, it is not a person subject to suit under § 1983, it is entitled to governmental immunity from Shepherd's state law claim, and finally because Kentucky does not recognize a private right of action for alleged violations of the state constitution. [DE 5.]

In her response, Shepherd conceded that "[t]he Defendant's Motion to Dismiss correctly states that the Plaintiff has only named the University of Kentucky as a party. The Defendant is also correct that as an arm of the state, UK enjoys immunity from the Plaintiff's lawsuit." [DE 7 at 1.] Thus, Shepherd admits that her claims against the University of Kentucky are barred by sovereign immunity.

However, Shepherd attempts to avoid dismissal by moving to file a Second Amended Complaint in which she seeks to add Dr. Eli Capilouto, in his official capacity as President of the University of Kentucky, as a defendant. [DE 6; 6-2.]   In her proposed Second Amended Complaint, Shepherd alleges that "Dr. Eli Capilouto is the President of the

3

University of Kentucky. As President, Defendant Capilouto is to ensure that all students are provided procedural due process when enrolled in the University of Kentucky." [DE 6-2 at 1.] The University of Kentucky opposed Shepherd's motion, arguing that the Second Amended Complaint should be denied as futile because even as amended it could not withstand a motion to dismiss. [DE 8; 9.] Thus, the central question presented to the Court is whether Shepherd's addition of Dr. Capilouto as a Defendant via the proposed Second Amended Complaint is futile.

## ANALYSIS

Shepherd's Second Amended Complaint could not withstand a motion to dismiss, so the proposed amendment adding Dr. Capilouto as a defendant is futile. The Court will therefore deny Shepherd's Motion for Leave to File a Second Amended Complaint, which leaves the University of Kentucky as the sole named defendant. As Shepherd herself acknowledges, the University of Kentucky has immunity from Shepherd's claims, so the Court will grant the University's Motion to Dismiss.

"It is well settled that [a] district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980) (citing *Bacon v. California*, 438 F.2d 637 (9th Cir. 1971)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

The Second Amended Complaint could not withstand a motion to dismiss because Shepherd failed to state a claim against Dr. Capilouto on which relief can be granted. First, Shepherd's § 1983 claim cannot succeed against Dr. Capilouto because Shepherd has not

4

alleged that he bears a sufficient connection to her expulsion so as to bring her case within the *Ex Parte Young* exception to sovereign immunity. Second, Shepherd cannot maintain her claim under Section II of the Kentucky Constitution against Dr. Capilouto because Kentucky does not recognize a private right of action for alleged violations of the state Constitution.

Beginning with the § 1983 claim, Shepherd seeks to name Dr. Capilouto as a defendant in order to bring this case within the *Ex Parte Young* exception to sovereign immunity. *See* [DE 7 at 2.] Under the doctrine of *Ex Parte Young*, a state official sued in their official capacity may be enjoined from taking action that violates federal law. *Diaz v. Michigan Dept. of Corrections*, 703 F.3d 956, 964 (2013). However, an *Ex Parte Young* action is available only when the state official being sued has taken, or is about to take, an action. *Children's Healthcare is a Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1414-1416 (6th Cir. 1996) ("*Young* abrogates a state official's Eleventh Amendment immunity when a suit challenges the constitutionality of a state official's action."). The state official sued in an *Ex Parte Young* action must bear a "sufficient connection" to the challenged act, and it is not enough to simply claim that by virtue of their office they have the general authority to take the allegedly illegal action. *Coyle v. University of Kentucky,* 2 F. Supp. 3d 1014, 1020 (2014). "[G]eneral authority to take illegal action is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* (citing *Children's Healthcare,* 92 F.3d at 1416) (internal quotations omitted).

In *Coyle*, a professional photographer sued the University of Kentucky and two University officials—the Director of Athletics and Executive Vice President for Finance and Administration—alleging copyright infringement. 2 F. Supp. 3d at 1016. The plaintiff in *Coyle* similarly attempted to avoid sovereign immunity under the *Ex Parte Young* doctrine

5

by naming the University officials as defendants. *Id.* at 1019-21. This Court rejected the plaintiff's attempt, finding:

> In this case, [the plaintiff] claims that [the University officials], by virtue of their office, "approved of, condoned, or acquiesced in the" alleged copyright infringement described in the complaint . . . But in the amended complaint, Coyle does not allege a single "affirmative act" that [the University officials] "took . . . through their respective positions."

*Id.* at 1020. The plaintiff alleged only that the University officials had general duties that *might* require approving of, condoning, or acquiescing to acts constituting copyright infringement, but did not identify any actions that the University officials *actually took* that brought about the alleged infringement. *Id.* at 1020-21. Therefore, this Court held that the plaintiff failed to make out a viable claim under *Ex Parte Young*.

Shepherd has likewise failed to state a viable claim under *Ex Parte Young* because she does not allege that Dr. Capilouto actually took any action in furtherance of her expulsion. In her tendered Second Amendment Complaint, Shepherd merely alleges that "[a]s President, Defendant Capilouto is to ensure that all students are provided procedural due process when enrolled in the University of Kentucky." [DE 6-2 at 1.] Shepherd clearly fails to allege that Dr. Capilouto took any action related to her expulsion whatsoever.  In fact, Dr. Capilouto's alleged involvement in this matter is even more hypothetical and remote than that alleged by the plaintiff in *Coyle*. *See* 2 F. Supp. at 1020. In this case, Shepherd could have named any of the host of University officials who were directly involved in her expulsion, but instead made only a vague reference to Dr. Capilouto's general duty to protect students' due process. Shepherd failed to allege a single affirmative action that Dr. Capilouto took through his position as President of the University that deprived her of due process, so she cannot maintain a claim against Dr. Capilouto in his official capacity under *Ex Parte Young*.

6

Shepherd's second cause of action also fails against Dr. Capilouto because no private right of action exists for alleged violations of Article II of the Kentucky Constitution. *Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004), *aff'd sub nom. Tallman v. Elizabethtown Police Dep't*, 167 F. App'x 459 (6th Cir. 2006). "Section 1983 applies only to deprivations of federal constitutional and statutory rights," and there is no analogous state statute or other authority that enables her to pursue a civil claim for an alleged violation of the Kentucky Constitution. *Id.*; *see also Smith v. Flinkfelt,* 2014 WL 1331182, at *13 (E.D. Ky. Mar. 31, 2014); *Jackson v. Murray States Univ.*, 834 F. Supp. 2d 609, 615 (W.D. Ky. 2011). For this reason, Shepherd's second cause of action, if asserted against Dr. Capilouto, would fail.

Neither of Shepherd's causes of action can proceed against Dr. Capilouto, so her proposed amendment is futile. The Complaint, as amended, could not withstand a motion to dismiss because it contains no viable claims. Therefore, the Court will deny Shepherd's Motion for Leave to File a Second Amended Complaint.

Having denied Shepherd's proposed amendment, the only named Defendant in this action is the University of Kentucky. Shepherd agrees that the University enjoys immunity from her claims. [DE 7 at 1.]; *see also Coyle* 2 F. Supp. at 1016-1019 (finding that sovereign immunity under the Eleventh Amendment precluded suit against the University of Kentucky); *Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 305, fn.1 (Ky. 2014) ("The state universities of this Commonwealth, including the University of Kentucky, are state agencies that enjoy the benefits and protection of governmental immunity" while performing a governmental function.). Furthermore, the University is not a "person" subject to suit under § 1983.  *Campbell v. University of Louisville*, 862 F. Supp. 2d 578, 582 (W.D. Ky. 2012). Lastly, as noted above, Kentucky has no statute comparable to 42 U.S.C. § 1983, so Shepherd cannot maintain a civil action for an alleged violation of the Kentucky

constitution. *Tallman*, 344 F. Supp. 2d at 997. Accordingly, the Court will grant the University of Kentucky's Motion to Dismiss.

## CONCLUSION

For the reasons stated herein, the Court **HEREBY ORDERS** as follows:

1. Shepherd's Motion for Leave to File a Second Amended Complaint [DE 6] is **DENIED**;

2. The University of Kentucky's Motion to Dismiss [DE 5] is **GRANTED**; and

3. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's active docket.

Dated July 28, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY